UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CHRIS ANDRE LIVOUS

CIVIL ACTION

VERSUS

NO. 11-87-JJB

OTIS ELEVATOR CO., ET AL.

**RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on a motion for summary judgment filed by Defendants Otis Elevator Company and Hartford Fire Insurance Company (collectively referred to as "Otis") (Doc. 36). Plaintiff Chris Andre Livous ("Livous") has filed an opposition (Doc. 40), to which Otis has filed a reply. (Doc. 44). Oral argument is not necessary. For the reasons herein, the Court DENIES Defendants' Motion for Summary Judgment. (Doc. 36).

I.

Livous filed this action seeking damages arising from an incident on December 20, 2010, in which Livous boarded an elevator in the Municipal Building in Baton Rouge, Louisiana on the third floor. (Doc. 1). The elevator car allegedly fell to the bottom floor, "landing violently," and then quickly accelerated to the top floor, where the car stopped and lost power. (Doc. 1). Livous filed this suit against Otis Elevator Company[1], the maintenance contractor for the elevator, alleging that Otis was negligent in servicing and maintaining the elevator.

In Otis's motion for summary judgment, Otis asserts that under Louisiana negligence law, Livous is unable to prove that Otis breached a duty of care because there is no evidence that Otis had notice of an unreasonable defect in the elevator car. (Doc. 36). Under Louisiana law, an elevator maintenance contractor owes a duty of reasonable care. *Campbell v. Otis Elevator Co.*,

---

[1] Livous has also asserted a claim against Hartford Fire Insurance, Otis's insurance provider.

1

808 F.2d 429, 433-34 (5th Cir. 1984). Otis asserts that in order for Livous to establish that Otis breached this duty of reasonable care, Livous must prove two elements. First, Livous must prove there was an "identifiable defect" that rendered the elevator unreasonably dangerous. (Doc. 36-1, at 4). Second, Livous must prove that Otis knew or should have known of the existence of this defect and that Otis failed to remedy the defect. In opposition, Livous argues that Otis is incorrect in asserting that Livous must show an identifiable defect, and that the law only requires a showing that Otis knew or should have known that the elevator was unreasonably dangerous.

The Court finds that the parties have conflated the standards for negligence and strict liability. To recover under Louisiana's negligence law, a plaintiff must establish the following: "(1) [t]he conduct in question was a cause in fact of the resultant harm; (2) [t]he defendant owed a duty to plaintiff; (3) [t]he duty owed was breached; and (4) [t]he risk or harm caused was within the scope of the breached duty." *Spott v. Otis Elevator Co.*, 601 So.2d 1355, 1361-62 (La. 1992) (citation omitted). To recover under a theory of strict liability under Louisiana law, a plaintiff must establish "he was injured by a thing, the thing was in the defendant's custody, there was a vice or defect creating an unreasonable risk of harm in the thing, and the injured person's damage arose from such a defect." *Id.* at 1363 (citation omitted). Here, it is undisputed that Otis owes a duty of reasonable care and to establish that Otis was negligent, it must be shown that Otis breached this duty. However, in defining what constitutes a breach, the parties have borrowed language from the strict liability standard, creating a two-part test that is not found in the negligence jurisprudence cited by the parties.

The Court finds that the appropriate standard to apply is the one articulated by the Louisiana Court of Appeal for the Fourth Circuit in *Rabito v. Otis Elevator Co.*, in which the court explained that "[t]o prove negligence, the plaintiffs must show that Otis as the maintenance

contractor breached its duty to exercise reasonable care in the performance of services under its contract with the [building] and that Otis' conduct was a cause in fact of the resulting injury." *Rabito v. Otis Elevator Co.*, 93-1001 (La.App. 4th Cir. 2/11/94); 633 So. 2d 368, 372. *See also Ledet v. Montgomery Elevator Co.*, 94-0411 (La.App. 4th Cir. 10/13/94); 644 So.2d 1075, 1077. Thus, the question becomes whether Otis breached its duty to exercise reasonable care in servicing the elevator and whether Otis's conduct was a cause of the resulting injury to Livous, not whether Otis had notice of a defect in the elevator.

In support of its motion, Otis asserts that Livous has failed to establish the "notice" element because there is no evidence in the record that shows that Otis knew or should have known of any condition in the elevator that would have caused it to drop or operate in an unreasonably dangerous manner. (Doc. 36-1). However, Livous is not required to show that Otis knew or should have known of a defect that rendered the elevator unreasonably dangerous. Rather, Livous is required to show that Otis breached its duty of reasonable care in performing its services under the maintenance contract.

II.

Because the parties assert that establishing Otis's notice is an element of negligence and have framed their arguments based on this misunderstanding, the Court denies Otis's motion for summary judgment. (Doc. 360).

Signed in Baton Rouge, Louisiana on April 2nd, 2013.

_____

**JAMES J. BRADY, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**